UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLOS COGDELL,
FDOC Inmate No. J14135,
    Plaintiff,

v.                                                  Case No.:  3:23cv16485/LAC/ZCB

LIEUTENANT NEIL,
    Defendant.
                                                    /

**REPORT AND RECOMMENDATION**

Plaintiff is an inmate of the Florida Department of Corrections (FDOC). He filed this *pro se* lawsuit against an FDOC employee on June 26, 2023. (Doc. 1). Plaintiff did not pay the filing fee or file a motion to proceed *in forma pauperis* (IFP) when he initiated this suit. (*See* Doc. 3).

Upon a review of Plaintiff's litigation history, the undersigned discovered that Plaintiff is a "three-striker" as defined in 28 U.S.C. § 1915(g). Thus, Plaintiff was required to pay the filing the fee when he initiated this lawsuit. The Court then ordered Plaintiff to show cause why his case should not be dismissed pursuant to 28 U.S.C. § 1915(g), pay the $402.00 filing fee, or file a notice of voluntary dismissal by July 21, 2023. (Doc. 3). The Court further informed Plaintiff that if he failed to comply with the Court's order, it would result in a recommendation of dismissal.

1

The July 21, 2023 deadline has passed and Plaintiff has failed to respond. This case, therefore, should be dismissed without prejudice pursuant to § 1915(g).

## I.   Discussion

Under the three strikes provision, a "prisoner" cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). The statute provides a narrow exception for instances where the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who is barred from proceeding IFP by § 1915(g) must pay the full filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has explained that the "proper procedure is for the district court to dismiss the complaint without prejudice . . . pursuant to the three

2

strikes provision of § 1915(g)." *Id*.  According to *Dupree*, a prisoner cannot avoid dismissal by "simply pay[ing] the filing fee" at a later date because the fee was due "at the time he *initiate[d]* the suit." *Id*.; *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates a lawsuit).

Here, Plaintiff is a "prisoner" who is subject to the three strikes rule. *See* 28 U.S.C. § 1915(g), (h).  The Court has reviewed Plaintiff's litigation history in the Public Access to Court Electronic Records (PACER) database.  PACER shows that Plaintiff (while a "prisoner") has previously filed at least four federal court actions that were dismissed for reasons that count as strikes.[1]  More specifically:

- *Cogdell v. Sgt. Fowler*, No. 3:21cv960-BJD-PDB (M.D. Fla. Dec. 20, 2021) (dismissed for failure to state a claim);

- *Cogdell v. Sgt. Prock*, No. 3:22cv943-MMH-MCR (M.D. Fla. Oct. 3, 2022) (dismissed for failure to state a claim);

- *Cogdell v. Lt. Williams*, No. 3:22cv1013-BJD-MCR (M.D. Fla. Oct. 14, 2022) (dismissed for failure to state a claim); and

---

[1] The plaintiff in these previously filed cases is identified as Inmate #J14135. Plaintiff identifies himself with that same inmate number in the present case. (Doc. 1 at 1).

- *Cogdell v. Sgt. Gostin*, No. 3:22cv1068-HLA-PDB (M.D. Fla. Oct. 25, 2022) (dismissed for failure to state a claim).

In fact, the Middle District of Florida has previously recognized that Plaintiff is a three-striker in the following cases:

- *Cogdell v. Sgt. Gostin*, No. 3:22cv1341-BJD-JBT (M.D. Fla. Dec. 12, 2022) (Doc. 4);

- *Cogdell v. Lt. Wendorff*, No. 3:23cv495-BJD-LLL (M.D. Fla. May 2, 2023) (Doc. 5);

- *Cogdell v. Dr. Daumer*, No. 3:23cv507-MMH-JBT (M.D. Fla. May 5, 2023) (Doc. 3); and

- *Cogdell v. Sgt. Prock*, No. 3:23cv352-BJD-JBT (M.D. Fla. Mar. 30, 2023) (Doc. 5).

Because Plaintiff had three strikes when he commenced this case, he was required to pay the $402.00 filing fee at the time of filing his complaint. He failed to do so. Moreover, Plaintiff does not allege that he is "under imminent danger of serious physical injury" as required for the exception in § 1915(g) to apply.[2]

---

[2] Plaintiff's claims are vague, conclusory, and hard to decipher. He appears to bring claims for past racial bias/prejudice and sexual harassment. (Doc. 1 at 5). His factual allegations, which are few, do not allege that he faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

4

Dismissal without prejudice is, therefore, appropriate. *See Dupree*, 284 F.3d at 1236-37.³

## II.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.   This action be **DISMISSED without prejudice** under 28 U.S.C. § 1915(g) because Plaintiff is a three-striker who failed to pay the filing fee; and

2.   The Clerk of Court be directed to close this case.

At Pensacola, Florida this 26th day of July 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

³ Dismissal is also warranted because Plaintiff failed to truthfully disclose his litigation history on the complaint form. The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits). Here, Plaintiff denied having *any* previous litigation history, including denying that he had any previous cases dismissed that count as a "strike" under § 1915(g). Plaintiff, therefore, misrepresented—under penalty of perjury—his prior litigation history on the complaint form. He did so, despite having been advised on the complaint form that "***failure to disclose all prior cases may result in the dismissal of this case.***" (Doc. 1 at 9). Consistent with that warning and Eleventh Circuit precedent, dismissal is warranted.

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**